IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID A. MASON, | ) | |
| | ) | |
| Petitioner, | ) | 4:18CV3139 |
| | ) | |
| v. | ) | |
| | ) | |
| TAGERT BOYD, Warden LCC, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus case in which the Respondent moves for summary judgment. Respondent asserts that Mason procedurally defaulted his claims at the state post-conviction appellate phase of the state court litigation. Mason does not dispute that he defaulted his claims. Rather he endeavors to establish "cause" and "prejudice" as an excuse. He has failed to do so, and summary judgment will be granted.

## *Undisputed Material Facts*

The material undisputed facts[1] are these:

1. On January 4, 2017, in the District Court of Douglas County, Nebraska, Petitioner David A. Mason pled guilty to burglary and attempted first degree sexual assault in two separate criminal dockets. (Filing no. 10-3 at CM/ECF pp. 1, 3.)

2. On March 21, 2017, the state district court sentenced Mason to consecutive prison sentences of 10 to 16 years for burglary and 16 to 20 years for attempted first degree sexual assault. (*Id.* at CM/ECF pp. 2, 4.)

3. Mason filed a consolidated direct appeal, assigning solely that the district court abused its discretion by imposing excessive sentences. (Filing no. 10-2 at CM/ECF p. 4.) The

---

[1] To the extent that Mason disputes any of these facts, he has failed to assert a genuine reason for doing so.

Nebraska Court of Appeals affirmed the lower court's judgment by sustaining the State's motion for summary affirmance. (Filing no. 10-1 at CM/ECF pp. 2, 4.) Mason did not petition the Nebraska Supreme Court for further review. (*Id*. at CM/ECF pp. 2, 4.)

4. On November 29, 2017, Mason filed a consolidated motion for post-conviction relief in the state district court, alleging that (1) his pleas were not knowing, intelligent, and voluntary; (2) he received ineffective assistance of counsel; and (3) the district court abused its discretion by imposing excessive sentences. (Filing no. 10-4 at CM/ECF pp. 1, 3-9.) The state district court entered a written order denying Mason's consolidated post-conviction motion without an evidentiary hearing and the judge specifically addressed the claim that trial counsel was ineffective. (*Id*. at CM/ECF pp. 12-16.)

5. Mason did not appeal the state district court's order. (See Filing no. 1 at CM/ECF p. 5.) Mason states in his petition that the "prison legal aide that wrote the postconviction motion did not tell me that I needed to appeal, and when I found out it was too late." (*Id*.)

6. Mason's habeas petition was filed with this Court on October 11, 2018. (Filing No. 1.)

### *Mason's Claims*

Mason asserted three potentially cognizable claims. (Filing No. 7.) They are:

Claim One: Petitioner's guilty pleas were not knowing, intelligent and voluntary for one or more of the reasons set forth in filing no. 1 at CM/ECF p.5.

Claim Two: Petitioner was denied effective assistance of trial counsel for one or more of the reasons set forth in filing no. 1 at CM/ECF p. 7.

Claim Three: Petitioner was denied effective assistance of appellate counsel for one or more of the reasons set forth in filing no. 1 at CM/ECF p. 8.

### *Analysis*

I start with a brief recitation of the law. I then apply the law to the facts.

As set forth in 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)    (i)    there is an absence of available State corrective process; or
>
>              (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one

complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, then in an appeal to the Nebraska Court of Appeals, and finally in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Under Nebraska law, you don't get two bites of the post-conviction apple; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also* State v. Thorpe, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."); *State v. Filholm*, 848 N.W.2d 571, 576 (Neb. 2014) ("When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred.")

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (Defense counsel's failure to file timely notice of

appeal with regard to petitioner's state court appeal did not constitute "cause" that excused procedural default, so as to permit federal habeas review).

As regards the issue of "cause," such "[c]ause must be 'something external to the petitioner, something that cannot fairly be attributed to him.'" *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (quoting *Coleman*).

To establish "actual prejudice," Mason must show that the errors of which he complains "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 816 (1982). *See also Jennings v. Purkett*, 7 F.3d 779, 782 (8th Cir.1993).

Focusing on his guilty plea, Mason "must prove that 'but for the constitutional violations–that he was denied effective counsel and did not understand the elements of the crime he pleaded guilty to–he might not have been convicted of the same crimes.' *Easter*, 37 F.3d at 1347 (citing *Dawan v. Lockhart*, 980 F.2d 470, 474 (8th Cir.1992))." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (applying prejudice prong to a case involving a guilty plea).

With the law sketched out, I now turn to the application of the law to the undisputed facts.

First, there has been no showing that Mason is factually innocent or that the refusal to hear his claims would result in a miscarriage of justice. Indeed, Mason admits to having sex with the victim after selling her methamphetamine and then stealing it back and fleeing the house. (Filing No. 13 at CM/ECF pp. 5-8.) He claims the sex was consensual and he claims the victim let him in the house to smoke methamphetamine. (*Id.*)

Second, Mason's pro se and educational status during the post-conviction stage and his ignorance of the filing deadlines is not "cause" to excuse the default since those characteristics are not external to him. *See*, *e.g.*, *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988) (Petitioner's pro se status and ninth grade education were not adequate reasons

to excuse his failure to raise his federal constitutional challenges asserted in habeas corpus petition on direct appeal to state Supreme Court; thus, habeas petition was dismissed).

Third, any errors by the inmate legal aid regarding the appeal time limits and the necessity of an appeal are attributable to Mason and not to some external factor. Mason elected to rely upon the inmate legal aid. No one forced him to do so. As the Supreme Court has said, "when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause." *Maples v. Thomas*, 565 U.S. 266, 281 (2012).[2] I see no reason to believe that the same rule should not be applied to situations like this one involving inmate legal aids and post-conviction appeals.

Fourth, Mason has shown no actual prejudice. There is no basis in this record to suppose that but for the alleged errors– in the trial court, on direct appeal, or during the post-conviction proceedings–the result would have been different.

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have

---

[2] I do not believe *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) or *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) apply in Nebraska. This is because Nebraska allows, and indeed demands that, ineffective assistance of trial counsel claims be raised on direct appeal when appellate counsel is different than trial counsel. *State v. Filholm*, 848 N.W.2d at 576. But even if those cases did apply generally, I do not believe they pertain to cases like this one involving a procedural default occurring *at the post-conviction appellate stage after the prisoner has been fully heard by the state post-conviction trial judge*. *Williams v. Kenney*, No. 4:13CV3170, 2014 WL 5107145, at *6 (D. Neb. Oct. 10, 2014). Indeed, I believe my decision in *Williams* is consistent with Circuit precedent. *See Arnold v. Dormire*, 675 F.3d 1082, 1086-88 (8th Cir. 2012) (concluding *Martinez* does not apply where ineffective assistance of trial counsel claims were litigated in an initial-review collateral proceeding, but not preserved on appeal; "The Court made clear that the holding in *Martinez* did not 'concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings. . . .'" ) (citing and quoting *Martinez*, 132 S. Ct at 1320).

applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the habeas corpus petition (filing no. 1) is denied and dismissed with prejudice. The motion for summary judgment (filing no. 9) is granted and the objection thereto (filing no 12) is denied. No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

DATED this 19th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
